Argued and submitted October 5, peremptory writ issued October 10, 1989

STATE ex rel SCHRUNK,
*Plaintiff-Relator,*

*v.*

WALKER,
*Defendant.*

(SC S36514 (Control))

STATE ex rel SCHRUNK,
*Plaintiff-Relator,*

*v.*

ELLIS,
*Defendant.*

(SC S36515)

STATE ex rel SCHRUNK,
*Plaintiff-Relator,*

*v.*

SNOUFFER,
*Defendant.*

(SC S36516)
(Cases consolidated for argument and decision only)

780 P2d 731

Virginia L. Linder, Solicitor General, Salem, argued the cause and filed the petitions for alternative writs of mandamus for plaintiff-relator.

Anthony D. Bornstein, Metropolitan Public Defender, Portland, argued the cause and filed a memorandum in opposition and a motion to dismiss for defendant Judge Walker.

Paul DeMuniz, of Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem, argued the cause and filed a memorandum in opposition and a motion to dismiss for defendant Judge Ellis.

David T. McDonald, Metropolitan Public Defender, Portland, argued the cause and filed a memorandum in opposition and a motion to dismiss for defendant Judge Snouffer.

Before Carson, Presiding Justice, and Jones, Gillette, Van Hoomissen, and Fadeley, Justices.

PER CURIAM

## PER CURIAM

Defendant judges[1] each currently preside over one or more criminal cases in Multnomah County Circuit Court in which the criminal defendant has challenged the county's jury panel as legally defective. ORS 136.005 permits either party to a criminal case (the district attorney or the defendant) to challenge the entire jury panel, prior to voir dire, on the ground that there has been "a material departure from the requirements of law governing selection of jurors." Each defendant judge has ruled that the Multnomah County master jury list was not developed in compliance with statutory requirements. Specifically, each defendant judge has determined that the county's jury selection procedures do not meet the requirements of ORS 10.215(1).

ORS 10.215(1) provides:

"Upon written order of the presiding judge of the circuit court for a county, the clerk of court shall cause to be prepared at least once each year a master jury list containing names selected at random from the source lists. The source lists are the most recent lists of electors of the county, *the records furnished by the Motor Vehicles Division as provided in ORS 802.260(2)* and any other sources approved by the Chief Justice of the Supreme Court that will furnish a fair cross section of the citizens of the county. Any source list obtained from a public or private entity and any jury list containing names selected from a source list shall not be used for any purpose other than the selection and summoning of persons for service as jurors and the drawing of names of jurors." (Emphasis added.)

The language in the statute including Motor Vehicles Division (MVD) records among the "source lists" for the master jury list took effect January 1, 1989, as a result of a 1987 enactment. Or Laws 1987, ch 681, § 3.

At the times relevant to these cases, Multnomah County juries were to be selected from a master list developed in 1988 for terms beginning in August of 1988 and continuing into 1989. Multnomah County has not yet prepared a master

---

[1] Petitioner has filed separate mandamus actions against each of three Multnomah County Circuit Court Judges: Stephen S. Walker, William C. Snouffer, and James R. Ellis. Each judge has ruled that the Multnomah County jury panel is legally defective. We consolidated the petitions for argument and disposition.

jury list drawn from MVD records as well as voter registration lists. On September 15, 1989, however, the presiding circuit court judge, Donald H. Londer, ordered that a master list of 80,000 county citizens be randomly selected from MVD records and voter registration lists.[2] Juries will be drawn from the new 1989 master list beginning November 6, 1989.

Defendant Judge Walker has interpreted ORS 10.215 to require that any master list in effect on January 1, 1989, must be drawn from MVD records, as well as from voter registration lists. Accordingly, he concludes that Multnomah County's current master jury list is invalid and has been invalid since the beginning of this year.

Defendant Judge Snouffer has rejected the argument adopted by Judge Walker. He has concluded that the presiding judge has discretion to determine when to order preparation of a 1989 master jury list, and that January 1, 1989, simply serves as the effective date for the amendment. Master jury lists ordered after that date must include MVD records as source lists, but new master jury lists do not have to be prepared and effective on that date. Nevertheless, Judge Snouffer reads the statutory requirement that a new master list be prepared at least "once each year" to mean that no more than 12 months may elapse before a new list is in place. Judge Snouffer believed that the 1988 master list expired August 25, 1989. Thus, under this theory, a new master jury list (drawn from MVD records) should have been ordered and made effective by August 25, 1989.

Defendant Judge Ellis rejected both theories. He concluded that January 1, 1989, serves only as the effective date of the statute; that the presiding judge has discretion to determine when to order a new list and when to make it effective; and that the statute requires only that at some point each

---

[2] On August 30, 1989, Judge Londer issued an order extending the 1988-89 master jury list to jury terms commencing August 28, 1989, to December 29, 1989. That order was superseded as to terms commencing November 6, 1989, by the September 15 order and is irrelevant to our discussion here, which concludes that Multnomah County will have complied with ORS 10.215(1) pursuant to the September 15 order.

The August 30, 1989, order purports to apply to jury terms commencing August 28, 1989. Although this point was noted at oral argument, it was not a subject of this proceeding.

calendar year a new master list must be prepared — the presiding judge is not tied to a 12-month timeline. Thus, under Judge Ellis' analysis, Multnomah County will satisfy the new requirement of using MVD records as source lists so long as a new master jury list drawn from those records is developed before the end of the year. Judge Ellis, however, identified what he believed to be a flaw in the current (August 1988) master list. Since 1985, and until the most recent amendment, ORS 10.215(1) has provided that the source lists are the most recent voter registration lists "and any other sources that will furnish a fair cross section" of county citizens. Or Laws 1985, ch 703, § 13. Judge Ellis interpreted this to mandate that the source lists include more than the voter registration lists. Because Multnomah County since 1985 has used only the voter registration lists, Judge Ellis concluded that the current master list is defective and that Multnomah County's master list has been out of compliance with the statute since 1985.

As a consequence of these rulings, the three defendant judges have refused to permit the criminal cases over which they preside to be tried until some future date — presumably November 6 (when the 1989 master list, including names from both MVD records and voter registration lists, is expected to be effective).

The language of ORS 10.215(1) is reasonably straightforward. A fair interpretation of the statute's selection requirements is:

1. At least once each year, the presiding circuit court judge of each county must direct the clerk to prepare a new master jury list. That direction is not tied to the first term of each year or to any other particular point during the year.

2. Master jury lists prepared after January 1, 1989, must be drawn from MVD records in addition to voter registration lists.

3. A master jury list prepared prior to the effective date of the 1987 session amendment (January 1, 1989) complies with the statute's requirements if it was drawn from the voter registration lists alone.

Judge Walker's order incorrectly concludes that Multnomah County had to have a new master list drawn from MVD records in place on January 1, 1989. January 1, 1989, is

merely the effective date of a statute which by its terms requires only that a new master list be prepared at some point during the ensuing year. The date is the date after which any new master list will have to comply with the new provision.

■    Judge Snouffer's analysis is incorrect in that he concludes that the statute's requirement that a new master jury list be prepared "at least once each year" means that no master jury list can be used for longer than 12 months. Drafting the statute to read "once a year" rather than "once each year" would have been a better indication that the language was meant to refer to the passage of 12 months' time rather than the expiration of the calendar year. Nevertheless, Judge Snouffer's construction is not required by the statute's terms.

■    Judge Ellis also erred because he concluded that the current master jury list fails to comply with the statute's former provisions because it is drawn from the voter registration lists only. Judge Ellis read the statutory authorization to use other source lists as a legislative directive to do so. The legislature's reference, however, to "and any other source lists" that will provide a fair community cross-section clearly confers now on the Chief Justice the authority to determine whether such lists exist and whether they appropriately should be used (formerly the presiding judge had that authority); use of other lists has been discretionary, not mandatory.

## CONCLUSION

Each of the defendant judges has erroneously construed the current and former requirements of ORS 10.215(1). At present, Multnomah County's master jury list satisfies the legal procedures for jury selection. Based on Presiding Judge Londer's September 15, 1989, order, Multnomah County's selection procedures comply with the statutes because the county will prepare and have in place before the end of 1989 a master jury list drawn from MVD records and voter registration lists. There is no legal defect that justifies the defendant judges' orders quashing the jury panel, or that otherwise supports suspension of all trials in Multnomah County circuit courts. The defendant judges' orders are vacated.

Peremptory writ to issue.